1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

SAN JOSE DIVISION

11

| | |
|---|---|
| RAFAEL ARROYO, JR., | Case No.:14-CV-03958-LHK |
| Plaintiff, | **ORDER DENYING MOTION TO DISMISS** |
| v. | Re: Dkt. Nos. 20, 24 |
| ENRIQUE ALVA JR., et al., | |
| Defendants. | |

12
13
14
15
16
17
18

Plaintiff Rafael Arroyo, Jr. ("Plaintiff" or "Arroyo") brings this action for alleged

19

violations of the Americans With Disabilities Act ("ADA") against Defendants Enrique Alva,

20

Lilia Alva, and South First Furniture, Inc. (collectively, "Defendants"). Before the Court is

21

Defendants' motion to dismiss. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter

22

appropriate for resolution without oral argument and hereby VACATES the hearings scheduled

23

for February 12, 2015, and March 19, 2015. Having considered the submissions of the parties, the

24

record in this case, and the relevant law, the Court hereby DENIES Defendants' motion to

25

dismiss.

26
27
28

United States District Court
Northern District of California

## I. BACKGROUND

### A. Factual Background

Plaintiff is a California resident with physical disabilities. First Am. Compl. ("FAC"), ECF No. 17, ¶ 1. Plaintiff is a paraplegic who uses a wheelchair. *Id.* The State of California has issued Plaintiff a handicap placard, and Plaintiff is "entitled to and benefits from using an accessible parking space." *Id.* ¶ 2.

The Alva Defendants own the property at 842 South First Street, San Jose, California, and are lessors to the business "Rick's Furniture" located at that address. *Id.* ¶¶ 4–5. Defendant South First Furniture owns and operates "Rick's Furniture." *Id.* ¶¶ 5–6.

On or about December 29, 2012, Plaintiff visited Rick's Furniture to shop. *Id.* ¶ 11. Plaintiff alleges that Rick's Furniture is a "facility open to the public, a place of public accommodation, and a business establishment." *Id.* ¶ 12. Parking spaces are "one of the facilities, privileges and advantages offered" to customers of Rick's Furniture. *Id.* ¶ 13. According to Plaintiff, on the date of his visit there was "not a single compliant handicap parking space available." *Id.* ¶ 14. There was a parking stall marked as reserved for persons with disabilities, but it allegedly did not have a proper "access aisle." *Id.* ¶ 15. Instead of providing an eight foot wide access aisle, marked in blue with "NO PARKING" lettering, there was a five foot wide access aisle without any marking. *Id.* It appears that the smaller access aisle was also on the wrong side of the handicap parking spot, as Plaintiff further alleges that "people park on the area that is supposed to be the access aisle, blocking it from use." *Id.* Moreover, Plaintiff further alleges that the handicap parking space is "not located closest to the accessible entrance" but requires one to "travel behind parked cars other than their own to get to an entrance." *Id.* Plaintiff "was unable to use the [handicap] parking space" that day, as another vehicle had parked in the access aisle. *Id.* ¶ 16.

Plaintiff avers that he would like to "return and patronize" Rick's Furniture but will be deterred from visiting "until Defendants cure the violation." *Id.* ¶ 18. Plaintiff travels in and

2

United States District Court
Northern District of California

1   around San Jose, California during the year for disabilities conferences and Oakland Raiders

2   football games. *Id.* ¶ 19. According to Plaintiff, he has "shopped, eaten, and otherwise patronized

3   the businesses in and around the San Jose area on numerous occasions" and intends to do so in the

4   future. *Id.*

### B. Procedural Background

6   Plaintiff filed his original Complaint on September 2, 2014. ECF No. 1. Defendants filed a

7   motion to dismiss on September 29, 2014.[1] ECF No. 13. On October 15, 2014, Plaintiff filed a

8   First Amended Complaint ("FAC"). ECF No. 17. Defendants filed a motion to dismiss on

9   November 20, 2014. ECF No. 20. As Defendants did not comply with the Court's standing order

10  regarding appropriate procedures for filing and noticing a motion, the Defendants filed the same

11  motion again on November 21, 2014. ECF No. 24. Defendants also filed a notice of withdrawal of

12  their September 29, 2014 motion to dismiss. ECF No. 23. Plaintiff filed an opposition to the

13  motion to dismiss, ECF No. 25, and Defendants filed a reply, ECF No. 26.

## II. LEGAL STANDARD

### A. Rule 12(b)(1)

16  A defendant may move to dismiss an action for lack of subject matter jurisdiction pursuant

17  to Federal Rule of Civil Procedure 12(b)(1). A motion to dismiss for lack of subject matter

18  jurisdiction will be granted if the complaint on its face fails to allege facts sufficient to establish

19  subject matter jurisdiction. *See Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th

20  Cir. 2003). If the plaintiff lacks standing under Article III of the U.S. Constitution, then the court

21  lacks subject matter jurisdiction, and the case must be dismissed. *See Steel Co. v. Citizens for a

22  Better Env't*, 523 U.S. 83, 101–02 (1998). In considering a Rule 12(b)(1) motion, the Court "is not

23  restricted to the face of the pleadings, but may review any evidence, such as affidavits and

24  testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v.

25  United States*, 850 F.2d 558, 560 (9th Cir. 1988). Once a party has moved to dismiss for lack of

United States District Court
Northern District of California

---

[1] Defendants filed the same motion to dismiss twice on September 29, 2014. *See* ECF Nos. 13–14.

Case No.: 14-CV-03958-LHK
ORDER DENYING MOTION TO DISMISS

subject matter jurisdiction under Rule 12(b)(1), the opposing party bears the burden of establishing the court's jurisdiction, *see Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010), by putting forth "the manner and degree of evidence required" by whatever stage of the litigation the case has reached, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *see also Barnum Timber Co. v. Envtl. Prot. Agency*, 633 F.3d 894, 899 (9th Cir. 2011) (at the motion to dismiss stage, Article III standing is adequately demonstrated through allegations of "specific facts plausibly explaining" why the standing requirements are met).

**B. Rule 12(b)(6)**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss an action for failure to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

Nonetheless, the Court need not accept as true allegations contradicted by judicially noticeable facts, and the "[C]ourt may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into one for summary judgment. *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir.), *cert. denied*, 516 U.S. 964 (1995); *see Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Shwarz*, 234 F.3d at 435. Nor is the Court required to "'assume the truth of legal conclusions merely because they are cast in the form of factual allegations.'" *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). Mere "conclusory allegations of law and

4

Case No.: 14-CV-03958-LHK
ORDER DENYING MOTION TO DISMISS

1  unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355

2  F.3d 1179, 1183 (9th Cir. 2004) (internal quotation marks and citations omitted); *accord Iqbal*,

3  556 U.S. at 663–64.

4  **III. DISCUSSION**

5       Defendants raise two arguments: (1) that Plaintiff has failed to establish Article III

6  standing; and (2) that Plaintiff has insufficiently pled claims against the Alva Defendants. The

7  Court addresses each argument in turn.

8       **A.   Article III Standing**

9       Defendants argue that Plaintiff has failed to allege an injury-in-fact, as required to satisfy

10 the "case or controversy" requirement of Article III of the United States Constitution. *See Clapper*

11 *v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1146 (2013). To satisfy Article III standing, a plaintiff must

12 allege: (1) injury-in-fact, e.g., the invasion of a legally protected interest, that is concrete and

13 particularized, as well as actual or imminent; (2) that the injury is fairly traceable to the challenged

14 action of the defendant; and (3) that the injury is redressable by a favorable ruling. *Monsanto Co.*

15 *v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010); *Friends of the Earth, Inc. v. Laidlaw Envtl.*

16 *Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000). "The party invoking federal jurisdiction bears

17 the burden of establishing these elements . . . with the manner and degree of evidence required at

18 the successive stages of the litigation." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

19 At the pleading stage, "[g]eneral allegations of injury may suffice . . . ." *Friends of the Earth*, 528

20 U.S. at 198.

21      Here, the Court concludes that Plaintiff has adequately alleged an injury-in-fact, as

22 required by Article III. Plaintiff alleges that he personally visited Rick's Furniture. During that

23 visit, he was "unable to use the" designated handicap parking space because another car had

24 blocked the access aisle, and that access aisle had not been properly marked. FAC ¶¶ 11, 15–17.

25 Under Ninth Circuit precedent, the allegation that a plaintiff encountered a "barrier that deprives

26 him [or her] of full and equal enjoyment of the facility due to his [or her] particular disability," is

27

28

5

United States District Court
Northern District of California

1   sufficient to satisfy the injury-in-fact requirement. *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631

2   F.3d 939, 944 (9th Cir. 2011) (en banc). These allegations are distinct from the complaint in

3   *Chapman*, where the plaintiff pled that he "encountered architectural barriers that denied him full

4   and equal access," but "never alleged what those barriers were and how his disability was affected

5   by them so as to deny him" full and equal access. Here, Plaintiff alleges the existence of a specific

6   barrier: the noncompliant designated parking space. Plaintiff further alleges that he was "unable to

7   use the parking space" because it was noncompliant, and, as a result, suffered "difficulty and

8   frustration." FAC ¶¶ 16–17; *see also Skaff v. Meridien N. Am. Beverly Hills, LLC*, 506 F.3d 832,

9   840–41 (9th Cir. 2007) ("As a matter of law, the allegations . . . that [plaintiff] encountered

10   barriers to access, and . . . that [plaintiff] was deterred by accessibility barriers from visiting

11   [defendant], gave . . . notice of the injury . . . suffered and, at the pleading stage, established

12   [plaintiff's] standing to sue for violations of the ADA."). Based on these allegations, the Court

13   infers that Plaintiff was unable to shop at Rick's Furniture that day because of the barrier he

14   encountered.

15         Defendants take issue with the level of factual detail in Plaintiff's FAC, e.g., that Plaintiff

16   does not specify what type of vehicle, if any, he used to travel to Rick's Furniture. *See* Mot. at 6–

17   7. However, taking Plaintiff's factual allegations as true on a motion to dismiss, and "constru[ing]

18   the pleadings in the light most favorable to the non-moving party," the Court finds that Plaintiff

19   has sufficiently alleged facts supporting his ADA claim. *See Manzarek*, 519 F.3d at 1031.

20   Defendants are correct that Plaintiff does not specifically plead whether he was in a van or some

21   other type of vehicle, but in light of Plaintiff's allegation that he travelled to Rick's Furniture and

22   was "unable to use the parking space" because another car had parked in the allegedly deficiently

23   marked access aisle, the Court reasonably infers that Plaintiff was in a van or other vehicle that

24   required an access aisle in order for Plaintiff to use the parking spot. Defendants' speculation that

25   Plaintiff may not have needed to use the handicap accessible parking space is insufficient to defeat

26   Plaintiff's averment of plausible facts. *See Barnum Timber Co.*, 633 F.3d at 899.

27

28

United States District Court
Northern District of California

6

Case No.: 14-CV-03958-LHK
ORDER DENYING MOTION TO DISMISS

United States District Court
Northern District of California

1    Defendants also challenge whether Arroyo can satisfy the redressability requirement.

2    Defendants contend that Plaintiff is not a resident of San Jose, waited nearly 2 years before

3    bringing this action, and that Arroyo is apparently a plaintiff in at least 46 state and federal civil

4    rights discrimination lawsuits. Defendants fail to explain the relationship between these

5    observations and the redressability requirement under Article III. Whether Plaintiff is a resident of

6    San Jose or not is not material to the redressability analysis. In the instant case, Plaintiff

7    specifically alleges that he travels to San Jose and through the San Jose area during the year, and

8    that he would like to return and shop at Rick's Furniture but has been deterred by the barriers to

9    access. An ADA plaintiff does not need to live near a place of public accommodation to satisfy

10   Article III. *See, e.g.*, *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1040–41 (9th Cir. 2008) (rejecting

11   defendant's argument that plaintiff lacked standing "because the store is so far away from"

12   plaintiff's home). Plaintiff avers that he has "shopped, eaten, and otherwise patronized the

13   businesses in and around the San Jose area on numerous occasions over the last few years and will

14   continue to do so in the future." FAC ¶ 19. These allegations are sufficient to show that a

15   favorable ruling would redress Plaintiff's injury. *See id*; *see also Friends of the Earth*, 528 U.S. at

16   198 (holding that "general allegations" may be sufficient at the pleading stage).

17   As to Defendant's other contentions, Defendants fail to explain the relevance of the two

18   year time period between Plaintiff's visit to Rick's Furniture and the filing of Plaintiff's

19   complaint, and the redressability analysis. Nor do Defendants explain what bearing the fact that

20   Plaintiff has filed other ADA lawsuits has on the instant litigation. At bottom, Defendants'

21   arguments challenge the truthfulness of Plaintiff's allegations, e.g., whether Plaintiff intends to

22   return to patronize Rick's Furniture in the future, but in the absence of any contrary evidence

23   appropriate for consideration on a motion to dismiss under Rule 12(b)(1), the Court declines to

24   rely on Defendants' speculative arguments. Whether or not Plaintiff is a "professional Plaintiff . . .

25   [that] makes a living off of alleging discrimination based upon alleged architectural barriers and a

26   denial of access," is not probative of whether Plaintiff has alleged sufficient facts establishing

27

28

7

United States District Court
Northern District of California

Article III standing at the pleading stage. *See* Reply at 2. As Plaintiff alleges that he actually encountered the barrier of a noncompliant parking space and suffered discrimination as broadly defined by the ADA as a result, Defendants' attacks on Plaintiff's credibility and livelihood are insufficient to rebut those allegations. *See Chapman*, 631 F.3d at 944–45; *see also Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009) (noting that in a facial 12(b)(1) motion, the Court "assume[s] [plaintiff's] [factual] allegations to be true and draw all reasonable inferences in [her] favor").

Moreover, Defendants' arguments with regards to Plaintiff's standing for injunctive relief suffer from the same defect. As the Ninth Circuit explained in *Chapman*, standing for injunctive relief under the ADA requires either (1) "demonstrating deterrence" or (2) "demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility." 631 F.3d at 944. Here, Plaintiff alleges that he would like to return and shop at Rick's Furniture, but has been deterred from doing so because of the allegedly noncompliant parking space. FAC ¶¶ 18–19. In conjunction with Plaintiff's further allegations that he frequents the San Jose area and patronizes nearby businesses, the Court concludes that Plaintiff has pled sufficient facts showing that Defendants' alleged "discriminatory architectural barriers deter him from returning to a noncompliant accommodation." *Chapman*, 631 F.3d at 944; *see also Skaff*, 506 F.3d at 840–41. This deterrence is sufficient to support a claim for injunctive relief. *Chapman*, 631 F.3d at 944; *see also Skaff*, 506 F.3d at 840–41.

**B. Rule 12(b)(6)**

Defendants contend that Plaintiff has failed to sufficiently allege facts showing (1) that Plaintiff "was even traveling by vehicle, let alone in a van, and is entitled to relief," and (2) that Plaintiff has failed to identify a trust. The Court addresses each argument below.

First, as discussed above, Plaintiff alleges that he visited Rick's Furniture and was unable to use the single designated handicap parking spot because of deficiencies with the access aisle. FAC ¶¶ 16–17. Defendants are correct that Plaintiff does not specifically aver whether he drove to

8

United States District Court
Northern District of California

Rick's Furniture in a van. However, liberally construing the pleadings, as the Court is required to do on a 12(b)(6) motion to dismiss, the Court concludes that Plaintiff's factual allegations support the reasonable inference that Plaintiff was in a vehicle that required the use of a compliant parking space. Plaintiff alleges that he has been issued a handicap parking placard by the State of California and that he benefits from using accessible parking spaces. FAC ¶ 2. Moreover, Plaintiff further alleges that he personally visited Rick's Furniture, was unable to use the parking space, and "personally encountered this problem." *Id.* ¶¶ 16–17. These factual allegations support the reasonable inference that Plaintiff was in a vehicle of some sort that required a compliant access aisle. Defendants' cursory argument otherwise is unpersuasive.

Second, the Court finds that Plaintiff has adequately alleged liability under the ADA. Under 42 U.S.C. § 12182(a), the "general rule" provides that:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

The statute therefore makes liable "any person who owns, leases (or leases to), or operates a place of public accommodation." *Id.*; *Longberg v. Sanborn Theaters Inc.*, 259 F.3d 1029, 1034 (9th Cir. 2001) ("Of course, owners, lessees, lessors, and operators are clearly subject to liability for the failure to 'design and construct' a building in compliance with the ADA . . . ."). In the FAC, Plaintiff alleges that the Alva Defendants were and currently still are the "owners of the property and the lessors to" Rick's Furniture. FAC ¶¶ 3–4. Plaintiff also alleges that Defendant South First Furniture, Inc. was and currently still is the owner and operator of Rick's Furniture. *Id.* ¶¶ 5–6. These factual allegations are facially sufficient to allege liability under the ADA.

Defendants argue that Plaintiff has sued Defendants in both their individual and representative capacities as trustees, but has failed to identify a trust. The Court notes that the introductory language in Plaintiff's FAC "complains of Defendants Enrique Alva Jr., in his individual and representative capacity as trustee; Lilia Alva, in her individual and representative

9

capacity as trustee; South First Furniture, Inc., a California Corporation; and Does 1-10." FAC at 1. Defendants do not explain, in their single sentence of argument, how or why the existence of a trust would impact Plaintiff's ADA claims against the Alva Defendants. Motion at 9. In opposition, Plaintiff contends that he has alleged facts supporting plausible claims against the Alva Defendants as lessors and property owners under § 12182(a). The Court agrees. As Defendants offer no explanation or authority for why the Court should dismiss Plaintiff's ADA claims against the Alva Defendants for failure to allege the existence of a trust, the Court denies Defendants' motion.

**IV. CONCLUSION**

For the reasons stated above, the Court DENIES Defendants' motion to dismiss.

**IT IS SO ORDERED.**

Dated: February 9, 2015

_Lucy H. Koh_

LUCY H. KOH
United States District Judge

United States District Court
Northern District of California